**Gerald J. HAAS, Petitioner,**

v.

**WARDEN, SCI SOMERSET, et al., Respondents.**

**Civil Action No. 10–CV–183.**

United States District Court, E.D. Pennsylvania.

Dec. 7, 2010.

Cheryl J. Sturm, Cheryl J. Sturm, Attorney at Law, Chadds Ford, PA, for Petitioner.

Peter Hobart, West Chester, PA, for Respondents.

### MEMORANDUM

ANITA B. BRODY, District Judge.

Gerald J. Haas ("Haas") petitions this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Having consid-ered Magistrate Judge Lynne A. Sitarski's Report and Recommendations (the "R & R") (Doc. 10), and Haas's Objections to the R & R (the "Objections") (Doc. 12), I will DISMISS Haas's Petition.

### I. BACKGROUND

On September 19, 2003, Haas was tried before Judge Juan R. Sanchez of the Chester County Court of Common Pleas on charges of indecent assault, corruption of the morals of a minor, solicitation to commit indecent assault, and solicitation to commit corruption of the morals of a minor.[1]  A jury found Haas guilty of two counts of each charge.  Judge Sanchez sentenced Haas to five to ten years imprisonment, followed by ten years probation. Haas filed a direct appeal in the Pennsylvania Superior Court, and on January 14, 2005 the Superior Court affirmed the judgment.  *Commonwealth v. Haas*, 872 A.2d 1270 (Pa.Super.Ct.2005).  On April 4, 2007, The Pennsylvania Supreme Court denied Haas's petition for allowance of appeal. *Commonwealth v. Haas*, 591 Pa. 723, 920 A.2d 831 (2007).

Represented by new counsel, Haas sought collateral review of his conviction, fully exhausting under Pennsylvania's Post–Conviction Relief Act ("PCRA") the claims he presents here.  *Commonwealth v. Haas*, No. CR–02810–2003 (Ct. Com. Pl., Chester County, Dec. 26, 2008).  On January 15, 2010, Haas filed the instant Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1).  Haas raises five grounds for relief:

(1) Haas was denied his Sixth Amendment right to a public trial when Judge Sanchez held the second day of trial in the West Goshen Fire House (the "Fire House").

---

1. The essential facts underlying Haas's convictions are set forth in the R & R. *See* R & R at 493 n. 2. Haas has not objected to this portion of the R & R.

(2) Trial counsel was ineffective because he failed to object when Judge Sanchez moved the trial to the Fire House.

(3) Appellate counsel was ineffective because he failed to appeal the denial of Haas's right to a public trial.

(4) Trial counsel was ineffective because he failed to present evidence supporting Haas's defense that Haas was on medication that rendered him incapable of maintaining an erection.

(5) The PCRA Court's findings of fact and conclusions of law resulted in an unreasonable application of clearly established federal law in considering his ineffective assistance of counsel claims.

On January 29, 2010, I referred the case to Magistrate Judge Sitarski. On May 28, 2010, Judge Sitarski issued the R & R. The R & R recommended that I deny Haas's claims on the merits. On June 7, 2010, Haas filed his Objections.

## II. STANDARD OF REVIEW

A district court reviews *de novo* "those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(h): *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989). In doing so, the district court may "in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *Butterfield v. Astrue*, 2010 WL 4027768, at *2 (E.D.Pa. Oct. 12, 2010) (citing *United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)); 28 U.S.C. § 636(b). A district court, however, "may not reject a finding of fact by a magistrate judge without an evidentiary hearing, where the finding is based on the credibility of a witness testifying before the magistrate judge." *Hill v. Beyer*, 62 F.3d 474, 482 (3d Cir.1995).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the district court's ability to look beyond a petitioner's federal petition and review state court determinations during collateral review. Under AEDPA, any factual determination made by a state court is presumed correct. 28 U.S.C. § 2254(e). State courts are also entitled to deference with respect to their legal conclusions. 28 U.S.C. § 2254(d). Specifically, "the state court's decision must stand unless it is 'contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lam v. Kelchner*, 304 F.3d 256, 263 (3d Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An unreasonable application of law occurs when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08, 120 S.Ct. 1495.

## III. DISCUSSION

Although Haas makes eleven separate objections to the R & R, they roughly fall into three categories: (1) relating to Haas's public trial claim (Objections 1–6); (2) relating to Haas's beta blockers defense (Objection 7–9); and (3) relating to the PCRA Court's application of federal law (Objections 10–11).

### A. Haas's Public Trial Claim (Objections 1–6)

■ Haas makes several objections to the section of the R & R addressing his public trial claim. Haas argues that he was denied his right to a public trial when Judge Sanchez conducted one day of his trial at a public Fire House rather than the Chester County Courthouse, due to a power outage after Hurricane Isabel. As a result, Haas objects to the R & R's conclusions that: (1) Haas was not denied his Sixth Amendment right to a public trial; (2) trial counsel was not ineffective for failing to raise this issue; and (3) direct appellate counsel was not ineffective for failing to raise this issue. Because "counsel cannot be deemed ineffective for failing to raise a meritless claim," if I agree that Haas was not denied his Sixth Amendment right to a public trial, I must also deny his ineffective assistance arguments premised on raising that claim. *Werts v. Vaughn,* 228 F.3d 178, 202 (3d Cir.2000). I therefore consider *de novo* whether Haas was denied his right to a public trial.

■ The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a . . . public trial. . . ." U.S. Const. amend. VI. The Supreme Court has held that "[t]rial courts are obligated to take every reasonable measure to accommodate public attendance at criminal trials." *Presley v. Georgia,* —— U.S. ——, 130 S.Ct. 721, 175 L.Ed.2d 675 (2010). This "requirement of a public trial is satisfied by the opportunity of members of the public and the press to attend the trial and to report what they have observed." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 610, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *see also United States v. Lnu,* 575 F.3d 298, 306 (3d Cir.2009) (holding that the Sixth Amendment was not violated where "any member of the public desiring to attend [the] trial had the opportunity to do so."); *Douglas v. Wainwright,* 739 F.2d 531, 532–33 (11th Cir.1984) (holding that the Sixth Amendment was not violated where "the press and family members of the defendant, witness, and decedent were allowed to remain.").

The PCRA Court made the following factual findings: (1) one of Haas's close friends, in addition to "one or two other persons" attended the trial at the Fire House on his behalf; (2) members of the victims' families, representatives of the "victim witness program" and "at least one newspaper reporter" attended the trial at the Fire House; (3) Judge Sanchez personally informed the *Philadelphia Inquirer* and the *Daily Local News* that the Courthouse was closed and that the trial would continue at the Fire House; (4) Judge Sanchez expressly repeated that the proceedings constituted a public trial; (5) Judge Sanchez informed counsel that a sign would be posted at the courthouse directing the public to the Fire House; (6) Judge Sanchez informed counsel that courthouse sheriffs and security officers would be asked to direct any inquiring party to the Fire House; and (7) defense counsel and the prosecutor informed their offices that the new location of the trial should be provided to anyone who requested it. *Commonwealth v. Haas,* No. CR–02810–2003, at 24–26 (Ct Com. Pl., Chester County, Dec. 26, 2008). Based on these facts, the PCRA Court concluded that Haas's trial was public.

Haas has presented nothing to undermine the presumption of correctness that must be afforded to these state court factual findings. *See* 28 U.S.C. § 2254(e). Given these facts, the PCRA Court was correct in concluding that Haas was not denied his Sixth Amendment right to a public trial. Judge Sanchez took pains to ensure that any interested party could at-

tend the trial, informing courtroom personnel, asking that a sign be posted, asking the parties to respond to any requests, and directly informing members of the press. In light of these facts, the PCRA's conclusion that Haas received a public trial was hardly unreasonable.

Haas objects that his trial was not public because his friend Dr. Donald Carter was not able to attend the trial at its new location. He does not suggest, however, that Carter was excluded from the proceedings, or that Carter made a reasonable attempt to determine to where the trial had been moved. The fact that one party did not attend Haas's second day of trial does not imply that the trial was not public. Rather, the right to a public trial requires "the *opportunity* of members of the public and the press to attend the trial and to report what they have observed." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 610, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (emphasis added). Judge Sanchez ensured that the proceeding was open and accessible to the public, by making all reasonable efforts to ensure that members of the press and interested parties were made aware of, and had the opportunity to attend the proceedings in the Fire House. That Dr. Carter ultimately did not attend

the second day of Haas's trial is not sufficient to render Haas's trial "closed" under the Sixth Amendment.[2] *See Lnu,* 575 F.3d at 306 n. 8.

The PCRA Court was correct that Haas was not denied his right to a public trial by holding one day of his trial at an open, publicly accessible Fire House. Because this claim has no merit, Haas's trial counsel and direct appellate counsel were not ineffective for failing to raise the claim. *Werts v. Vaughn,* 228 F.3d 178, 202 (3d Cir.2000) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim."). Thus, I will reject Haas's Objections 1–6, and deny his claims relating to the alleged denial of Haas's right to a public trial.

**B. Haas's Beta Blockers Defense (Objections 7–9)**

Haas objects to the R & R's conclusion that his trial counsel was not ineffective for failing to present evidence that Haas was on beta blockers at the time of the incident, and was thus unable to maintain an erection. Haas asserts that trial counsel was aware that he was taking beta blockers, and that beta blockers affect the user's ability to maintain an erection.[3]

2. Haas argues that *Waller v. Georgia,* 467 U.S. 39, 45, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), requires "[s]pecific written findings ... to enable a reviewing court to determine the propriety of the exclusion." Objections at 4. This misstates the law. *Waller* only requires that the court "must make findings adequate to support the closure." *Id.* More importantly, there was no closure here because the Fire House was publicly accessible and Judge Sanchez made all reasonable efforts to ensure than any interested party could attend. As such, Judge Sanchez certainly had no obligation to make any written findings.

3. Whether or not Haas's trial counsel was aware that Haas was taking beta blockers appears to be in dispute. The PCRA Court found that trial counsel was not aware of this

fact, and reached its conclusion as to the merits of Haas's claims based in part on that fact. *Commonwealth v. Haas,* No. CR–02810–2003, at 16–18 (Ct. Com. Pl., Chester County, Dec. 26, 2008). Under AEDPA, this factual finding is afforded a presumption of correctness. 28 U.S.C. § 2254(e). After reviewing trial counsel's testimony, however, the R & R suggested that counsel was aware that Haas was taking beta blockers, and was aware of the side effects of the beta blockers. R & R at 499–500. Haas does not object to this finding, and in fact uses this finding to support his Objections. Objections at 19–20. Having reviewed trial counsel's testimony, and the R & R with respect to this issue, I conclude that the PCRA Court was incorrect, and adopt the R & R with respect to this issue. I presume

With this knowledge, Haas argues it was ineffective assistance not to present evidence at trial supporting a defense that he was medically unable to maintain an erection.[4]

■ A claim for ineffective assistance of counsel has two components:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052. A petitioner can overcome the presumption that the challenged action might be considered sound trial strategy by showing that the alleged strategy was in fact not the motivating factor, or that the conduct in question could never be part of a sound trial strategy. *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir.2005). Judicial scrutiny of trial counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

■ Here, trial counsel testified that even though he was aware that Haas was taking beta blockers, counsel chose not to pursue that defense during trial and instead tried "to minimize this very bad factual situation, . . . to put the best spin on it" R & R at 500. Haas argues that this was an unsound trial strategy, and that no reasonable attorney would have failed to pursue this defense. Haas's argument, however, does not afford trial counsel's conduct the proper amount of deference that *Strickland commands.*[5]

for the purposes of my *de novo* review that Haas's trial counsel was aware that Haas was taking beta blockers, and that the beta blockers may have affected his ability to maintain an erection. 28 U.S.C. § 636(b).

4. Haas was convicted of indecent assault under 18 Pa. Cons.Stat. § 3126(a)(1), (7). This offense involves indecent contact with a victim under the age of 13, made "for the purpose of arousing sexual desire in the person or the complainant." 18 Pa. Cons.Stat. § 3126(a)(1), (7). Haas implies that proof of his failure to maintain an erection would constitute proof that he was not acting for the purpose of arousing sexual desire.

5. Courts have made clear that "[o]nly choices made after a reasonable investigation of the factual scenario are entitled to a presumption of validity." *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir.2006). Here, Haas tries to cast his claim as a failure to investigate claim, repeatedly emphasizing that his trial counsel failed to investigate Haas's Veterans Affairs hospital records (the "VA Records") to establish that Haas had a prescription for beta blockers. Yet Haas himself admits, and trial counsel's deposition testimony makes clear, that trial counsel was aware that Haas was taking beta blockers, and that the beta blockers may have affected his ability to maintain an erection. *See supra* note 3.

Haas points to no new facts that trial counsel would have uncovered by looking through his VA records. Rather, he suggests that in failing to provide these records, trial counsel failed to effectively present this defense. This is not a failure to investigate claim, despite Haas's attempts to characterize it as such. As such, trial counsel's conduct is entitled to *Strickland's* strong presumption of validity. *Id.; Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Haas's trial counsel concluded that the facts surrounding the incident were not favorable to his client, noting in his deposition:

> you've got to understand, the context of this case, I didn't see the issue of erection or lack or erection as the turning point in this particular trial. I saw the totality of the circumstances taking these two girls upstairs and then massaging them. I mean who does that when you're 70 and you've got literally [victims aged] nine, ten, or eight and nine. And it was such a terrible fact pattern that that's where ou[r] emphasis was. Stupid, it was not the smartest thing to do, but it was not with any criminal intent.

R & R at 500. In other words, trial counsel concluded that the best defense was to shift the focus away from the facts of the incident, and to try and show that Haas "had no ill intent there, [and] was just being nice to these little girls because he was very, very active in the neighborhood and community, very well known at the time this occurred, and that was more the thrust of my case." *Id.* This may not have been the best trial strategy. But "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by *post-hoc* determinations that a different trial strategy would have fared better." *Rolan v. Vaughn,* 445 F.3d 671, 682 (3d Cir.2006) (emphasis in original). Haas has not overcome *Strickland's* strong presumption that trial counsel's strategic decisions were sound, and that counsel's performance was deficient.

■ Moreover, even if Haas could establish that trial counsel's failure to investigate or present evidence of this medical defense, he would still need to establish prejudice. *Outten v. Kearney,* 464 F.3d 401, 419 (3d Cir.2006) (holding that even given an unreasonable failure to investi-

gate, a petitioner must show prejudice to make out an ineffective assistance of counsel claim). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland. 466 U.S. at 694, 104 S.Ct. 2052. The "reasonable probability" standard requires less than a preponderance of the evidence. *See Hummel v. Rosemeyer,* 564 F.3d 290, 304 (3d Cir. 2009).

The statute under which Haas was convicted, 18 Pa. Cons.Stat. § 3126(a)(1), (7), concerns indecent contact with a victim under the age of 13 "for the purpose of arousing sexual desire in the person or the complainant." 18 Pa. Cons.Stat. § 3126(a)(1), (7). Here, a jury was provided testimony from both victims that Haas massaged each girl twice over their genital areas; testimony from one victim that Haas asked her to massage him, saying "[d]on't be afraid to go over my penis;" and testimony from one victim that Haas had an erection during the incident. Moreover, although counsel did not present VA records to support the argument, Haas testified at trial that he was taking beta blockers that " 'sort of' and had a 'tendency' to inhibit his 'arousal.' " *Commonwealth v. Haas,* No. CR–02810–2003, at 18 (Ct. Com. Pl., Chester County, Dec. 26, 2008). Having been presented with all of the evidence, and despite Haas' testimony relating to beta blockers, the jury found him guilty.

Haas now argues that if his counsel presented his VA records, there is a reasonable probability that the jury would have reached a different outcome. The statute only requires arousal, and does not require an erection. Lack of an erec-

tion could conceivably be evidence of a lack of arousal. Here, however, the jury was presented with other strong evidence of arousal. Even if the jury believed that Haas could not maintain an erection because he was on beta blockers, no reasonable jury could conclude, as his trial counsel recognized, that he massaged the victims' genital areas, and directed them to massage his penis, for anything but "the purpose of arousing sexual desire." Additionally, even Haas suggests that beta blockers do not prevent erections completely, but only "tend" to prevent them. In the face of such equivocations, and other strong evidence of arousal, there is no reasonable probability that the results of Haas' trial would have been different. I agree with the PCRA Court that Haas was not denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to present additional evidence that Haas was on beta blockers and unable to maintain an erection. I will reject Haas's Objections 7–9, and deny his claims relating to his beta blockers defense.

### C. The PCRA Court's Application of Federal Law

■ Finally, Haas objects to the R & R's conclusion that the PCRA correctly identified and applied federal law to Haas's claims. Specifically, Haas objects that the PCRA Court misapplied *Strickland* and *Waller* in denying his ineffective assistance and public trial claims, respectively. The Third Circuit has made clear, however, that the fact that "the state court evaluated the evidence in a manner other than as the Supreme Court requires does not *ipso facto* entitle [a petitioner] to a new trial." *Saranchak v. Beard*, 616 F.3d 292, 309 (3d Cir.2010) (internal quotation marks omitted). Rather, a petitioner "is not entitled to relief in the federal courts unless he can show that he was in fact denied [a constitutional right]." *Id.* Haas has not shown that he was denied a constitutional right, and has failed to make out either an ineffective assistance of counsel claim or a denial of a public trial claim. Even if he could prove that the PCRA unreasonably applied the law, then, he would not be entitled to habeas relief.[6] I will reject Haas's Objections 10–11, and his claims relating to the PCRA court's application of federal law.

### IV. CONCLUSION

Haas's claims fail on the merits. I will dismiss Haas's Petition for Writ of Habeas Corpus. A certificate of appealability should not issue because Haas has failed to

---

**6.** Moreover, I agree with the R & R that the PCRA Court correctly applied the *Strickland* and *Waller* standards. Haas objects that the PCRA Court did not properly reweigh the evidence to determine prejudice under *Strickland*. The court did exactly that in finding that "there is not a reasonable probability that the outcome of the proceedings would have been different if the VA records had been produced." *Commonwealth v. Haas*, No. CR–02810–2003 (Ct. Com. Pl., Chester County, Dec. 26, 2008). Haas further objects that the PCRA court improperly used Pennsylvania's three-pronged ineffective assistance test, as opposed to *Strickland's* two-pronged test. The PCRA Court specifically noted, however, that the Pennsylvania test merely divides the deficient performance prong from *Strickland* into two separate prongs. As such, the PCRA Court correctly applied *Strickland*, and this claim would fail even if Haas could show ineffective assistance.

Similarly, Haas cites to cases for the proposition that a closed trial constitutes a *per se* violation of the right to a public trial, and that the PCRA Court thus unreasonably applied *Waller*. These cases are inapt because there was no closure, and thus no *per se* violation of Haas's Sixth Amendment right to a public trial. As a result, the PCRA court did not unreasonably apply clearly established federal law to either Haas's ineffective assistance claims or his public trial claims.

show that a reasonable jurist could conclude that the Court is incorrect in dismissing the Petition.

### ORDER

**AND NOW,** this 7th day of December 2010, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1), and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (Doc. 10), and Petitioner's Objections to the Report and Recommendation (Doc. 12), it is hereby **ORDERED** that:

● The Report and Recommendation is **APPROVED** and **ADOPTED;**

● The Petition for Writ of Habeas Corpus is **DISMISSED;**

● A certificate of appealability should not issue since, for the reasons set forth in the Report and Recommendation, petitioner has failed to show that a reasonable jurist could conclude that the Court is incorrect in dismissing the Petition.

### REPORT AND RECOMMENDATION

LYNNE A. SITARSKI, United States Magistrate Judge.

This is a counseled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Gerald J. Haas ("Haas"), an individual currently incarcerated in the Laurel Highlands State Correctional Institution at Somerset. For the reasons that follow, I recommend that the petition be DENIED.

### I. FACTS AND PROCEDURAL HISTORY

On September 19, 2003, after a jury trial before the Honorable Juan R. Sanchez,[1] Chester County Court of Common Pleas, Haas was convicted of 2 counts of indecent assault, 2 counts of corruption of the morals of a minor, 2 counts of solicitation to commit indecent assault, and 2 counts of solicitation to commit corruption of the morals of a minor.[2] On December 19, 2003, Judge Sanchez held a hearing under 42 Pa.C.S. § 9791 *et. seq.* ("Megan's Law"), and found Haas to be a Sexually Violent Predator ("SVP"). Thereafter, Haas was sentenced by Judge Sanchez to consecutive terms of 2 1/2 to 5 years of imprisonment for each of the two counts of indecent assault, to be followed by two consecutive 5–year terms of probation for each count of solicitation to commit indecent assault. Thus, Haas was sentenced to an aggregate term of 5 to 10 years of imprisonment to be followed by an aggregate term of 10 years probation. Haas filed a direct appeal in the Pennsylvania Superior Court, and the Superior Court affirmed the judgment of sentence on January 14, 2005. *Commonwealth v. Haas,* 872 A.2d 1270 (Pa.Super.2005) (Table).

---

1. Judge Sanchez was appointed to the United States District Court for the Eastern District of Pennsylvania in July, 2004.

2. The relevant facts set forth by the state court are as follows:
   On the evening of May 29, 2003, then sixty-eight year old Haas invited his ten-year old neighbor S.D. and her eleven year old friend J.J. into his home for popsicles. When the girls explained that they had been studying for a science test and were a bit nervous about the exam, Haas suggested that they go upstairs to his bedroom to play a "hypnotism game." In the course of the "game," Haas massaged each girl twice over their clothing on their arms, stomach, legs, buttocks, chest, and "private areas." Haas then asked the girls to massage him and they acquiesced.
   The girls reported the incident to their school guidance counselor the next day. The counselor, in turn, notified police.
   *Commonwealth v. Haas,* No. 262 EDA 2009 (Pa.Super. Oct 1, 2009) attached as Resp't Ex. "M."

The Pennsylvania Supreme Court denied Haas' petition for allowance of appeal on April 4, 2007. *Commonwealth v. Haas*, 591 Pa. 723, 920 A.2d 831 (Pa.2007) (Table).

On March 19, 2008, Haas filed a counseled petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, *et seq.* An evidentiary hearing was held on September 17, 2008, during which Haas and trial counsel appeared and testified. On December 26, 2008, Haas' petition was dismissed by the PCRA court. The Pennsylvania Superior Court affirmed the PCRA court's decision to dismiss the petition in an unpublished memorandum decision on October 1, 2009. *Commonwealth v. Haas*, 986 A.2d 1255 (Pa.Super.2009) (Table), attached as Resp't Ex. "M". Haas did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On January 15, 2010, Haas filed the instant petition for a federal writ of habeas corpus, asserting the following claims:

1. Ineffective assistance of counsel for failing to object when the trial court judge held the second day of trial in the West Goshen Fire House rather than the Chester County Court House without adequate advance notice to the public;

2. ineffective assistance of appellate counsel for failing to raise this issue on appeal;

3. ineffective assistance of counsel for failing to investigate viable defenses;

4. the conviction was obtained in violation of his VI Amendment right to a public trial;

5. the PCRA Court's findings of fact and conclusions of law resulted in an unreasonable application of clearly established federal law.

Respondents' have filed an answer asserting that Haas is not entitled to federal habeas relief because his claims are without merit and Haas has filed a counseled reply to Respondents' answer.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") increased the deference federal courts must give to the factual findings and legal determinations of the state courts. *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002); *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir.2000) (citing *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir.1996)). Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, a petition for habeas corpus may only be granted if: (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Werts*, 228 F.3d at 196.

The Supreme Court expounded upon this language in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In *Williams,* the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir.

2000) (citing *Williams,* 529 U.S. at 389–390, 120 S.Ct. 1495). The Court in *Williams* further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Hameen,* 212 F.3d at 235 (citing *Williams,* 529 U.S. at 388–389, 120 S.Ct. 1495). "In further delineating the 'unreasonable application of' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." *Werts,* 228 F.3d at 196 (citing *Williams,* 529 U.S. at 389, 120 S.Ct. 1495).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

Haas raises three claims of ineffective assistance of counsel. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland,* the United States Supreme Court set forth the standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. 2052. Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. In determining prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. 2052.

"It is past question that the rule set forth in *Strickland* qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.' " *Williams,* 529 U.S. at 391, 120 S.Ct. 1495. Thus, Petitioner is entitled to relief if the Pennsylvania courts' rejection of his claims was either "contrary to, or involved an unreasonable application of," that established law.

Haas first alleges that trial counsel was ineffective for failing to object when the trial court judge decided to hold the second day of trial in the West Goshen Fire House, rather than the Chester County Court House. The Chester County Courthouse was closed on the second day of Haas' trial due to the after-effects of Hurricane Isabel. N.T. Sept. 17, 2008 at 10. Trial counsel testified that on the morning of the second day of trial, he arrived at the courthouse and found that the courthouse was closed because of a power outage. N.T. Sept. 17, 2008 at 63, 66. Counsel

testified that as he was walking to the courthouse he noticed "a lot of the judges were sitting at the open restaurants having coffee because they couldn't get [in the courthouse]. N.T. Sept. 17, 2008 at 66. At some point, counsel encountered Judge Sanchez on the street. N.T. Sept. 17, 2008 at 62. Judge Sanchez informed counsel that he had made some phone calls and determined that the firehouse would be available to continue the trial. N.T. Sept. 17, 2008 at 62. Counsel testified that Judge Sanchez informed the "sheriffs and the people running the security" that the trial would be held at the firehouse. *Id.* Counsel also testified that the Judge "mentioned it to some newspaper reporters," and further informed him that a sign would be posted at the courthouse, notifying the public that the trial would be held at the firehouse. N.T. Sept. 17, 2008 at 63–65. Counsel testified that after Judge Sanchez assembled all the necessary parties and made all the arrangements, everyone proceeded to the firehouse to try the case. N.T. Sept. 17, 2008 at 69. Finally, when asked why he did not object to holding the trial in the firehouse, and whether he considered it to be a violation of Haas' right to a public trial, counsel testified that "It didn't occur to me [to object]. [The trial] was open to the public." N.T. Sept. 17, 2008 at 77.

In denying this claim on collateral appeal, the PCRA Court found that Haas' claim that he was denied a public trial was without merit; consequently, that trial counsel was not ineffective for failing to raise a meritless objection. In reaching the conclusion that Haas was not denied his right to a public trial, the court made the following findings of fact: (1) a close friend of Haas', as well as, "one to two other persons" attended the trial at the firehouse on his behalf; (2) members of the victims' families, representatives of the "victim witness program" and "at least one

newspaper reporter" attended the trial at the firehouse; (3) Judge Sanchez personally informed the *Daily Local News* and the *Philadelphia Inquirer* that the Chester County Courthouse was closed and that Haas' trial would continue that morning at the firehouse; (4) Judge Sanchez "expressly and repeatedly" stated that the proceedings constituted a public trial and that the firehouse on that day constituted a public court; (5) Judge Sanchez informed counsel that a sign would be posted at the courthouse alerting possible attendees of the relocation of the trial; (6) Judge Sanchez informed counsel that courthouse sheriffs and security officers would be informed of the location of the trial in order to direct possible attendees; (7) defense counsel and the prosecutor informed their respective offices that the trial would be held at the fire house and that this information should be relayed to anyone who requested it. *Commonwealth v. Haas,* No. CR–02810–2003 (Court of Comm. Pleas, Chester County, Dec. 26, 2008) at p. 23–25, attached as Resp't Ex. "L".

The Superior Court noted that the only person that was unable to attend the trial was a friend of Haas' who wished to attend as a spectator. Nevertheless, the Superior Court concluded that Haas' "trial was as public as it would have been in the courthouse" *Commonwealth v. Haas,* No. 262 EDA 2009 (Pa.Super. Oct. 1, 2009) at 12. Consequently, the court found that counsel could not be found ineffective for failing to raise this meritless claim. *Id.* (*citing Commonwealth v. Taylor,* 933 A.2d 1035, 1042 (Pa.Super.2007)).

I conclude that the state court's determination of this claim is reasonable, and that Haas' contention that trail counsel was ineffective for failing to object to holding the second day of the trial at the firehouse is without merit.

As a preliminary matter, I conclude that the state court properly determined that Haas was not denied his Sixth Amendment right to a public trial. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a ... public trial ...." U.S. Const. amend. VI. The Supreme Court has stated that the "requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions...." *Waller v. Georgia*, 467 U.S. 39, 46, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (quoting *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 380, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979)); *Estes v. Texas*, 381 U.S. 532, 588, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965) (Harlan, J., concurring) ("Essentially, the public-trial guarantee embodies a view of human nature, true as a general rule, that judges, lawyers, witnesses, and jurors will perform their respective functions more responsibly in an open court than in secret proceedings"); *In re Oliver*, 333 U.S. 257, 270, 68 S.Ct. 499, 92 L.Ed. 682 (1948) ("The knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power"). In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward, and discourages perjury. *Id.* at 270, n. 24, 68 S.Ct. 499.

In the instant matter, the proceedings conducted at the firehouse were not closed to anyone. Haas has not alleged that any member of the public was excluded from his trial, or that any member of the public was denied entry. Secondly, Haas had not alleged that he was unfairly dealt with or unjustly condemned, or that Judge San-chez or the jury were not aware of their responsibility and the importance of their functions. *Waller*, 467 U.S. at 46, 104 S.Ct. 2210. Finally, Haas has not alleged that the prosecutor failed to carry out its duties responsibly, nor has he alleged the absence of potential witnesses, nor has he alleged that any witnessed gave perjured testimony. *In re Oliver*, 333 U.S. at 270, n. 4, 68 S.Ct. 499.

Moreover, Judge Sanchez, fully aware of Haas' right to a public trial and in an abundance of caution, stated on the record:

> ... I just want to make sure this is a public trial. I want the record to reflect, I need to ask, if someone wants to come in and out, they can come in and out, just like a normal courthouse. This is a public courthouse ... the public is invited to come in and out. I think the press called me this morning. The *Daily Local Press* called me this morning. And I advised, after consultation with the lawyers, the case was going to move here so that we could bring it to a conclusion. The *Philadelphia Inquirer* was concerned. So they may come in and out. But this is a public proceeding. The public will be allowed to come in and out.

N.T. Sept. 19, 2003 at 128–130. Consequently, I conclude that Judge Sanchez did everything possible to ensure that Haas' right to a public trial was not violated. Haas has not suffered a violation of his constitutional rights. As I have determined that Haas was not denied his right to a public trial when the trial was moved to the firehouse, counsel cannot be found to be ineffective for failing to raise such an objection. *See Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir.2000) ("counsel cannot be deemed ineffective for failing to raise a meritless claim")

Moreover, under *Strickland,* Haas is required to show that he was prejudiced by counsel's failure to object. Haas has failed to present this Court with any evidence that would establish prejudice. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies ... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed."). As noted above, the only harm alleged by Haas is the fact that one of his friends was unable to be present on the second day of trial. *See* Traverse at p. 18. Absent more, Haas is unable to show that counsel's failure to object was so serious as to deprive the him of a fair trial, and that absent counsel's failure there is a reasonable probability that the factfinder would have had reasonable doubt respecting guilt. *Strickland,* 466 U.S. at 687, 695, 104 S.Ct. 2052. As a result, I recommend that this claim be denied.

Haas next alleges that direct appellate counsel was ineffective for failing to raise this issue on appeal. The *Strickland* test also applies to claims of ineffective assistance of appellate counsel. A petitioner is first required to show that appellate counsel's actions fell outside "the wide range of reasonable professional assistance; that is, [Petitioner would have to] overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [appellate] strategy.'" *Buehl v. Vaughn,* 166 F.3d 163, 173 (3d Cir.1999) (*citing Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). After overcoming the presumption of reasonableness, Petitioner must then show that the deficient representation of appellate counsel preju-

diced him. *Id.* A petitioner satisfies *Strickland's* prejudice prong by demonstrating a reasonable probability that he would have prevailed on appeal if the issue had been presented. *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

As I have determined that trial counsel was not ineffective for failing to object to holding the second day of trial in the West Goshen Fire House, I conclude that appellate counsel was not ineffective for failing to raise this meritless claim on appeal. *Werts,* 228 F.3d at 202. I also conclude that there is no reasonable probability that Haas would have prevailed on appeal had counsel presented this claim. *Id.*

Finally, Haas alleges that trial counsel was ineffective for failing to investigate and present evidence that at the time of the incident with the girls, he was taking prescription medication for a heart condition that prevented him from becoming sexually aroused. Haas argues that if trial counsel had conducted a "reasonable pretrial investigation" and presented evidence of his inability to achieve an erection, it would have proven that "[the victim's] testimony about [him] having an erection was more likely than not false" and "simultaneously corroborated [his] testimony." *See* Traverse at p. 13–14. Haas further argues that if trial counsel had investigated and produced medical records from the Veteran's Administration ("VA") to establish that he was prescribed Beta Blockers, it would have supported his testimony that he was not "capable of arousal" and that "the case against [him] was a fabrication." *Id.*

In denying this claim on collateral appeal, the Pennsylvania Superior Court first noted that Haas was convicted of indecent assault under 18 Pa.C.S.A. § 3126(a)(1)

and (7).[3] The court noted that indecent assault involves "contact with a complainant under the age of 13 without consent, causing the complainant to have indecent contact with the person 'for the purpose of arousing sexual desire in the person or the complainant.'" *Id.* at 8. The court reasoned that under this definition there is no "requirement that the perpetrator achieve an erection" and that "[a]ny suggestion by Haas to the contrary is baseless." *Commonwealth v. Haas*, No. 262 EDA 2009 (Pa.Super. Oct. 1, 2009), at p. 8. The court also noted that, notwithstanding these issues, trial counsel had "a reasonable strategic basis" for "presenting a defense of mistaken intentions and poor judgment" rather than presenting a defense based upon Haas' inability to achieve an erection. *Id.* at n. 9.

I conclude that the Superior Court's determination of this claim was reasonable. *Strickland* requires a reviewing court to apply a strong presumption that counsel's performance fell within the broad range of responsible professional representation, and that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. A petitioner may overcome the presumption that a challenged action might be considered sound trial strategy by showing either that the proffered strategy was not the motivating factor, or that the complained of conduct could never be considered part of a sound strategy. *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir.2005).

In the instant matter, trial counsel testified that he did not pursue a defense based upon Haas' alleged inability to achieve an erection because he did not view that as the main issue in the case, nor was it the best way to proceed. The relevant testimony was as follows:

Q. So wasn't the claim that Mr. Haas was taking beta blockers an important part of your defense?

A. I didn't—maybe I misanalyzed it. I didn't see it that way. The problem with Jerry Haas is he invited these two young girls to go upstairs to engage in this game where they ended up massaging each other, and that was the issue, that was as I saw it the real problem before the jury. And he was in a very difficult situation.

There was one girl who had indicated she believed that there was some sort of

---

**3.** (a) Offense defined.—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders the complainant incapable of consent;

(7) the complainant is less than 13 years of age; or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

an erection during the game that they were playing up in his bedroom. And I saw this case not so much an issue of whether or not there was an erection or not, I saw this case really in terms of trying to explain that Jerry Haas had no ill intent there, was just being nice to these little girls because he was very, very active in the neighborhood and community, very well known at the time this occurred, and that was more the thrust of my case.

Now that my recollection is solely being refreshed ... we did throw that in, but I didn't see that as the central thrust of our case in this particular matter. Maybe I was wrong not seeing it in this matter.

N.T. Sept. 17, 2008 at 32–33. Later when asked why he did not subpoena medical records from the VA in order to present a defense based upon Haas' alleged inability to achieve an erection, counsel stated:

A. ... See you've got to understand, the context of this case, I didn't see the issue of erection or lack of erection as the turning point in this particular trial. I saw the totality of the circumstances taking these two girls upstairs and then massaging them. I mean who does that when you're 70 and you've got literally nine, ten, or eight and nine. And it just was such a terrible fact pattern that that's where out emphasis was. Stupid, it was not the smartest thing to do, but it was not with any criminal intent.

N.T. Sept. 17, 2008, at 38–39. Finally, trial counsel was asked:

Q. What strategic reason did you have for not investigating Mr. Haas' claim that he was taking beta blockers since at least 1994?

A. Well, trying to go back in my mind now that my memory has been refreshed, the strategic reasons, well, the way I chose to present the case was as

I've stated earlier, try to minimize the circumstances and apparently ask Mr. Haas about the medication he was taking and how it affected him, as my recollection was refreshed when you showed me that particular matter. I guess I didn't anticipate, maybe I should have, that there would be a dispute as to whether or not he was taking that type of medication. And apparently there was, as you showed me by Ms. Pitts' examination and comments during her closing speech.

My strategic approach was to try to minimize this very bad factual situation, try to put the best spin on it, and as we did during the examination, cross examination of the two alleged victims and as we did through the direct examination of Mr. Haas.

N.T. Sept. 17, 2008, at p. 56–57.

Based upon the above testimony, I conclude that the state court's determination that counsel had a reasonable strategic basis for not presenting a defense based upon Haas' alleged failure to achieve an erection was reasonable. Haas cannot show that trial counsel's proffered defense strategy was not the motivating factor, or that the defense strategy utilized by counsel could never be considered part of a sound strategy. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052, *Thomas,* 428 F.3d at 499. Given *Strickland's* requirement that a reviewing court be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," this claim must fail.

Moreover, I agree with the state court's conclusion that the question of whether or not Haas was able to achieve an erection was not determinative. Under 18 Pa. C.S.A. § 3126, the Commonwealth was required to establish that Haas had indecent

contact with the victims, or caused the victims to have indecent contact with him, for the purpose of arousing sexual desire in him or the victims. See 18 Pa.C.S.A. § 3126(a). As the state court correctly noted, "nowhere in the definition is a requirement that the perpetrator achieve an erection." *Commonwealth v. Haas*, No. 262 EDA 2009, at p. 8. Consequently, I recommend that this claim be denied.

## B. PCRA Court Error

Finally, Haas argues that in reviewing his claims of ineffective assistance of counsel on collateral appeal, the PCRA court failed to "apply *Strickland* and [ ] does not engage in *Strickland* analysis." *See* Traverse at p. 26.

I conclude that this claim is without merit. In addressing the standard of review for ineffective assistance of counsel claims, the PCRA court stated:

> The United States Supreme Court has delineated a two-part test to determine whether counsel has provided ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). The first prong involves determining whether counsel made errors so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment. However, "judicial scrutiny of counsel's performance must be highly deferential.... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.... [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S.Ct. at 2064–2066. The second prong involves evaluating whether defendant was prejudiced by any such failure on the part of his counsel. The defendant bears the burden of showing that there is a reasonable probability

> that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* at 2066–2068.

*Commonwealth v. Haas*, No. CR–02810–2003 (Ct. of Comm. Pleas, Chester Co., Dec. 26, 2008) at p. 4–5, attached as Resp't Ex. "L". Thus, the PCRA court correctly identified the standard to be applied to a claim of ineffective assistance of counsel. Next, contrary to Haas' assertion that the PCRA court "does not address the ineffective assistance of counsel claim arising from the failure to conduct a reasonable pretrial investigation of VA medical records," I conclude that the court did so. The PCRA court's analysis of this claim appears on pages 16–20 of the PCRA court opinion. *Id.* at 16–20. After a thorough analysis of Haas' claim as it relates to his medical records and whether or not trial counsel's defense strategy was reasonable the court concluded:

> [Haas] fails to establish the second and third prong of the Pennsylvania ineffective assistance test; trial counsel had a reasonable strategic basis for his action and even if he did not, there is not a reasonable probability that the outcome of the proceedings would have been different if the VA records had been produced.

*Id.* at 20. Consequently, the PCRA court correctly identified the standard to be applied to Haas' ineffective assistance of counsel claim and its adjudication of this claim did not result in a decision contrary to *Strickland*, nor did it involve an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d). Therefore, I recommend that this claim be denied.

Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 28TH day of May, 2010, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED with prejudice. The petitioner may file objections to this Report and Recommendation. See Local Civ. R. 672.1. Failure to file timely objections may constitute a waiver of any appellate rights.